Buckeye Check Cashing, Inc., plaintiff-appellant, appeals a decision of the Franklin County Municipal Court. The trial court found that Toni L. Proctor, defendant-appellee, was liable to appellant for $287.50 plus legal interest and court costs. We affirm.
On December 5, 1997, appellant filed a complaint against appellee claiming that appellee "negotiated a check(s) * * * in the amount of $287.50 to [appellant] in exchange for cash. [Appellee's] bank has dishonored said check(s) and [appellee] has failed to make said check(s) good." Appellant claimed that pursuant to R.C. 2307.61, it was entitled to recover statutory damages in the amount of $862.50. In her answer to the complaint, appellee stated that she agreed with appellant that she was liable for "the returned check in the amount of $287.50 plus reasonable returned check costs." However, appellee also stated that she did not agree with the amount of damages appellant was claiming.
A trial was held and the trial court found that appellee was liable to appellant for "the sum of $287.50, plus legal interest thereon from the day such check was dishonored, and court costs." The court also found that "based upon the Court's interpretation of the requirements of § 2907.61 [sic], [appellant] proved it was entitled to judgment against [appellee] for the dishonored check which [appellee] wrote, but not for treble damages." Pursuant to Civ.R. 52, appellant requested findings of fact and conclusions of law from the trial court. On June 25, 1998, the court filed an entry that stated in part:
 * * * [T]he pivotal issue for appellate review is whether § 2907.61 [sic], O.R.C., required [appellant], seeking treble damages, to file evidence of a written demand conforming to § 2907.61(A)(2)(a) and (C) [sic] O.R.C. This Court concluded the statute required such evidence, and (appellant] disagreed that such written demand evidence was required. [Emphasis sic.]
Appellant appeals the trial court's decision and presents the following assignment of error:
 The Trial Court abused its discretion when it ruled that the notice requirement of R.C. Section 2307.61(A)(2)(a) applies whether or not a party attempting to collect treble damages for a bad check under the statute also seeks to recover the reasonable administrative costs, if any, the cost of maintaining the civil action, and reasonable attorney's fees.
Appellant argues in its assignment of error that the trial court abused its discretion because it found that appellant was required to comply with the notice requirements of R.C.2307.61(A)(2)(a) in order to recover treble damages. Appellant contends that it could recover treble damages without giving appellant a thirty-day notice before filing the complaint. We disagree.
R.C. 2307.61 permits property owners to seek prescribed compensatory or liquidated damages in the event of theft.City of Columbus v. Bednarz (Jan. 24, 1995), Franklin App. No. 94APC06-890, unreported (1995 Opinions 155, 157). R.C. 2307.61
states in part:
 (A) If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:
 (1) In the civil action, the property owner may elect to recover moneys as described in division (A)(1)(a) or (b) of this section:
 (a) Compensatory damages that may include, but are not limited to, the value of the property and liquidated damages in whichever of the following amounts applies:
 (i) Fifty dollars, if the value of the property was fifty dollars or less at the time it was willfully damaged or was the subject of a theft offense:
 (ii) One hundred dollars, if the value of the property was more than fifty dollars, but not more than one hundred dollars, at the time it was willfully damaged or was the subject of a theft offense;
 (iii) One hundred fifty dollars, if the value of the property was more than one hundred dollars at the time it was willfully damaged or was the subject of a theft offense.
 (b) Liquidated damages in whichever of the following amounts is greater:
(i) Two hundred dollars;
 (ii) Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price.
 (2) In a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars, the property owner may recover damages as described in division (A)(1)(a) or (b) of this section and additionally may recover the reasonable administrative costs, if any, of the property owner that were incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees, if all of the following apply:
 (a) The property owner, at least thirty days prior to the filing of the civil action, serves a written demand for payment of moneys as described in division (A)(1)(a) of this section and the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, upon the person who willfully damaged the property or committed the theft offense.
 (b) The demand conforms to the requirements of division (C) of this section and is sent by certified mail, return receipt requested.
 (c) Either the person who willfully damaged the property or committed the theft offense does not make payment to the property owner of the amount specified in the demand within thirty days after the date of its service upon that person and does not enter into an agreement with the property owner during that thirty-day period for that payment or the person who willfully damaged the property or committed the theft offense enters into an agreement with the property owner during that thirty-day period for that payment but does not make that payment in accordance with the agreement.
 (B) If a property owner who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages for willful damage to property or for a theft offense attempts to collect the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees, under authority of that division and if the defendant prevails in the civil action, the defendant may recover from the property owner reasonable attorney's fees, the cost of defending the civil action, and any compensatory damages that may be proven.
 (C) For purposes of division (A)(2) of this section, a written demand for payment shall include a conspicuous notice to the person upon whom the demand is to be served that indicates all of the following:
 (1) the willful property damage or theft offense that the person allegedly committed;
 (2) That, if the person makes payment of the amount specified in the demand within thirty days after its service upon the person or enters into an agreement with the property owner during that thirty-day period for that payment and makes that payment in accordance with the agreement, the person cannot be sued by the property owner in a civil action in relation to the willful property damage or theft offense;
 (3) That, if the person fails to make payment of the amount specified in the demand within thirty days after the date of its service upon the person and fails to enter into an agreement for that payment with the property owner during that thirty-day period or enters into an agreement for that payment with the property owner during that thirty-day period but does not make that payment in accordance with the agreement, the person may be sued in a civil action in relation to the willful property damage or theft offense;
 (4) The potential judgment that the person may be required to pay if the person is sued in a civil action in relation to the willful property damage or theft offense and judgment is rendered against the person in that civil action.
 (5) That, if the person is sued in a civil action by the property owner in relation to the willful property damage or theft offense, if the civil action requests that the person be required to pay the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the action, and reasonable attorney's fees, and if the person prevails in the civil action, the person may recover from the property owner reasonable attorney's fees, the cost of defending the action, and any compensatory damages that can be proved.
R.C. 2307.61 allows a property owner to file a civil action pursuant to R.C. 2307.60 to recover damages from a person who commits a theft offense ("offender") as defined in R.C.2913.01. R.C. 2307.61(A). The property owner may elect to recover either compensatory damages pursuant to R.C.2307.61(A)(1)(a), or liquidated damages pursuant to R.C.2307.61(A)(1)(b). If the value of the property that was the subject of the theft offense is less than $5,000, the property owner may additionally recover reasonable administrative costs which may include the cost of maintaining the civil action and reasonable attorney fees pursuant to R.C. 2307.61(A)(2).
Within R.C. 2307.61(A)(2) is a provision that requires the property owner to "at least thirty days prior to the filing of the civil action," serve a written demand for "payment of moneys" as described in R.C. 2307.61(A)(1)(a) and (A)(2). As correctly stated by the trial court, "the pivotal issue for appellate review [in the present case] is whether § 2907.61[sic], O.R.C., required [appellant], seeking treble damages, to file evidence of a written demand conforming to § 2907.61(A)(2)(a) [sic] and (C) O.R.C." (Emphasis sic.)
A review of R.C. 2307.61 shows that it is ambiguous regarding this question. Appellant correctly notes that the phrase "and additionally may recover reasonable administrative costs * * * if all of the following apply" in R.C. 2307.61(A)(2) seems to imply that the requirements of R.C. 2307.61(A)(2)(a) through (c) apply only to the "reasonable administrative costs" outlined in R.C. 2307.61(A)(2). However, this would lead to an illogical result because an owner seeking treble damages would not need to follow the notice provisions of R.C.2307.61(A)(2)(a) through (c) even though in most cases, the liability from treble damages would be greater than the reasonable administrative costs.
R.C. 1.49 states:
 If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
(A) The object sought to be attained;
 (B) The circumstances under which the statute was enacted;
(C) The legislative history;
 (D) The common law or former statutory provisions, including laws upon the same or similar subjects;
(E) The consequences of a particular construction;
 (F) The administrative construction of the statute.
Therefore, in order to determine the intention of the legislature regarding whether the thirty-day notice provisions of R.C. 2307.61(A)(2)(a) and 2307.61(C) apply to a property owner seeking treble damages pursuant to R.C. 2307.61(A)(1)(b), we will consider the factors of R.C. 1.49(A) through (F).
Pursuant to Am.Sub.S.B. No. 105 from the 119th General Assembly, R.C. 2307.61 was revised effective March 24, 1992. The previous version of R.C. 2307.61 stated in part:
 (A) If a property owner brings a civil action pursuant to section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:
 (1) In any such action, the property owner may recover compensatory damages which may include, in addition to the value of the property, any other loss sustained as a result of the willful damage or theft offense;
 (2) In any such action in which the value of the property that was damaged or was the subject of the theft offense is less than five thousand dollars, the property owner may recover compensatory damages, as described in division (A)(1) of this section, and additionally may recover exemplary damages equal to one hundred dollars or twice the amount of compensatory damages recovered in the action, whichever is greater, the cost of maintaining the civil action, and reasonable attorney's fees, if all of the following apply:
 (a) The property owner, at least thirty days prior to the filing of the action, served a written demand for payment of the value of that property and of the amount of any other loss sustained as a result of the willful damage or theft offense upon the person who willfully damaged the property or who committed the theft offense;
 (b) The written demand that was served conformed to the requirements of division (C) of this section and was sent by certified mail, return receipt requested;
 (c) Either the person who willfully damaged the property or who committed the theft offense did not make payment to the property owner of the amount specified in the demand within thirty days after the date of service of the written demand upon him and did not enter into an agreement with the property owner during that thirty-day period for such payment, or the person who willfully damaged the property or who committed the theft offense entered into an agreement with the property owner during that thirty-day period for such payment but the person did not make such payment in accordance with the terms of the agreement;
 (d) The property owner did not file a criminal or delinquency complaint against the person who willfully damaged the property or who committed the theft offense prior to the expiration of thirty days after the date of service of the written demand upon the person, or, if the person had entered into an agreement with the property owner during that thirty-day period for payment, prior to the day on which the person failed to make payment in accordance with the terms of the agreement, whichever is applicable.
 (B) If a property owner who brings a civil action against a person pursuant to section 2307.60 of the Revised Code to recover damages for willful damage to property or for a theft offense attempts to collect exemplary damages, the cost of maintaining the civil action, or reasonable attorney's fees in the action under authority of division (A)(2) of this section and the person against whom the action was brought prevails in the action, the person against whom the action was brought may recover reasonable attorney's fees, the cost of defending the action, and any damages that may be proven, from the property owner.
 (C) For purposes of division (A)(2) of this section, a written demand for payment shall include a conspicuous notice to the person upon whom the demand is to be served that indicates all of the following:
 (1) The willful property damage or theft offense that the person allegedly committed;
 (2) That if he makes payment of the amount specified in the demand within thirty days after the date of service of the demand upon him, or if he enters into an agreement with the property owner during that thirty-day period for such payment and makes such payment in accordance with the terms of the agreement, he cannot be criminally prosecuted or prosecuted in juvenile court in relation to the willful property damage or theft offense that he allegedly committed and cannot be sued in a civil action in relation to that willful damage or offense;
 (3) That if he fails to make payment of the amount specified in the demand within thirty days after the date of service of the demand upon him and failed to enter into an agreement with the property owner during that thirty-day period for such payment, or if he enters into an agreement with the property owner during that thirty-day period for such payment but does not make such payment in accordance with the terms of the agreement, he may be criminally prosecuted or prosecuted in juvenile court in relation to the willful property damage or theft offense that he allegedly committed and may be sued in a civil action in relation to that damage or offense;
 (4) The potential penalties that may be imposed upon him if he is prosecuted in relation to the willful property damage or theft offense and is convicted or adjudicated delinquent, and the potential judgment that he may be required to pay if he is sued in a civil action in relation to that damage or offense and judgment is rendered against him;
 (5) That if he is sued in a civil action by a property owner in relation to the willful property damage or theft offense that he allegedly committed and the suit requests that he be required to pay exemplary damages, the cost of maintaining the action, or attorney's fees, he may recover from the property owner reasonable attorney's fees, the cost of the defending the action, and any damages that can be proved if he prevails in the action.
Former R.C. 2307.61 allowed a property owner to recover compensatory damages and exemplary damages if the value of the property, subject of the theft offense, was less than $5,000. Former R.C. 2307.61(A). The property owner could recover exemplary damages "equal to one hundred dollars or twice the amount of compensatory damages recovered in the action, whichever is greater, the cost of maintaining the civil action, and reasonable attorney's fees." Former R.C. 2307.61(A)(2). In order to recover exemplary damages, the property owner needed to comply with the requirements outlined in Former R.C.2307.61(A)(2)(a-d). One of these requirements was that the property owner "at least thirty days prior to the filing of the action, served a written demand" upon the offender. Former R.C.2307.61(A)(2)(a).
In the present version of R.C. 2307.61, the phrase "exemplary damages" has been replaced by the phrase "liquidated damages." The section of the statute detailing the amount of exemplary damages that a property owner may recover was renamed and moved by the legislature from R.C. 2307.61(A)(2) to R.C.2307.61(A)(1)(b)(ii). A review of the legislative history of Am.Sub.S.B. No. 105 fails to reveal that the legislature also intended to have the requirements for recovery of exemplary damages found in Former R.C. 2307.61(A)(2)(a) through (d) (now found in R.C. 2307.61[A][2][a] through [c]), to not apply to liquidated damages in R.C. 2307.61(A)(1)(b)(ii). Instead, the legislative history shows that the changes in R.C. 2307.61 were intended to "provide a mechanism for merchants to receive punitive damages and attorneys fees through small claims courts for bad checks." Senate Judiciary Committee Activity Report, Am.Sub.S.B. No. 105, April 10, 1991.
A review of both versions of R.C. 2307.61 also shows the legislature's intention to encourage claims to be settled outside of the judicial system. For example, both versions of R.C. 2307.61 include a provision that the offender cannot be sued by the property owner "if he makes payment of the amount specified in the demand within thirty days after" service on the offender, or if the offender enters into an agreement with the property owner for payment within the thirty-day period. R.C. 2307.61(C)(2). Not requiring property owners seeking treble damages to give a written demand to the offender pursuant to R.C. 2307.61(C) before filing a complaint against the offender, would defeat the public policy of encouraging parties to settle their disputes outside of the judicial system.
Accordingly, after reviewing R.C. 2307.61 and considering the factors of R.C. 1.49, we find that the legislature intended to have the requirements contained in R.C. 2307.61(A)(2)(a) through (c) and 2307.61(C) apply to civil actions for liquidated damages pursuant to R.C. 2307.61(A)(1)(b) in which the value of the property "that was willfully damaged or was the subject of the theft offense" is less than $5,000. Therefore, we also find that the trial court did not err in holding that appellant could not recover treble damages from appellee because appellant did not comply with the requirements of R.C. 2307.61(A)(2)(a) and 2307.61(C). Appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK BROWN, JJ., concur.
BOWMAN, J., dissents.